HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRIMINAL PRODUCTIONS, INC.,

    Plaintiff,

v.

DARRELL GUNDERMAN, *et al.*,

    Defendants.

Case Nos. C16-1351-RAJ

ORDER

This matter comes before the Court on pro se Defendant Adam Winter's Motion to Appoint Counsel. Dkt. # 47. Having considered the motion, relevant portions of the record, and the applicable law, the Court **DENIES** Winter's motion.

Plaintiff Criminal Productions, LLC filed an amended complaint alleging that Winter's IP address was observed infringing upon its copyright to the movie, Criminal. Dkt. # 15 at 7 (Am. Compl. ¶ 25). Winter did not file an answer within the timeframe required by Federal Rule of Civil Procedure 12. Plaintiff moved for default judgment. Dkt. # 44. Winter responded to Plaintiff's amended complaint, but did so without substantively responding to Plaintiff's specific allegations. Dkt. # 46. On the same day, Winter also filed the instant motion to appoint counsel. Dkt. # 47. Given Winter's pro se status, the Court denied without prejudice Plaintiff's motion for default pending a ruling on his motion to appoint counsel. Dkt. # 49.

This is a civil action where, as a general matter, a defendant does not have a right to counsel. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). The court

ORDER – 1

may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

The Court finds that Winter has not established exceptional circumstances necessitating the appointment of counsel.  In particular, Winter has not demonstrated an inability to articulate his legal defenses pro se.  Since filing the instant motion, Winter filed a motion to dismiss contending that the actions associated with his IP address are unreliable evidence of copyright infringement.  Dkt. # 50.  According to Winter, it is common for hackers to misappropriate IP addresses and then commit misconduct that is wrongly attributed to the individual associated with the IP address.  *Id.*  While it is unclear at this point whether Winter himself claims to have fallen victim to hackers, it is clear he is able to articulate his defense to Plaintiff's lawsuit.

For these reasons, the Court **DENIES** Winter's Motion to Appoint Counsel. Dkt. # 47.  As previously ordered by the Court, within ten (10) days from the date of this Order, Winter must file an answer containing substantive responses to the allegations in Plaintiff's amended complaint.  Dkt. # 49.  Failure to comply with this requirement will likely result in default judgment against Winter.

DATED this 3rd day of April, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 2