HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRIMINAL PRODUCTIONS, INC.,

    Plaintiff,

v.

ADAM WINTER, *et al.*,

    Defendants.

Case Nos. C16-1351-RAJ; C16-1647-RAJ

ORDER

This matter comes before the Court on *pro se* Defendant Adam Winter's Amended Motion for Dismissal of Adam Winter in Case No. C16-1351-RAJ (Dkt. # 55) and *pro se* Defendant Jeremie Evans' Motion for Dismissal of Jeremie Evans in Case No. C16-1647-RAJ (Dkt. # 18). The Court considers these motions in a consolidated Order because they assert similar grounds for dismissal of a nearly identical action by the same Plaintiff. For the reasons that follow, the Court **DENIES** the motions.

These cases are two of numerous actions filed by Plaintiff Criminal Productions, Inc. against Defendants whom Plaintiff alleges infringed on its copyright to the motion picture, *Criminal*, Registration No. PA 1-984-029, by illegally downloading the movie via BitTorrent. Two of those Defendants, Winter and Evans, now move to dismiss Plaintiff's complaint against them. In short, they deny having downloaded the movie and contend that any evidence connecting their IP address to an illegal download is baseless.

The Court construes Winter's and Evans' motions as efforts to dismiss Plaintiff's actions under Federal Rule of Procedure 12(b)(6). Under Rule 12(b)(6), a defendant may

ORDER – 1

move to dismiss a lawsuit for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This defense derives from Rule 8(a)(2), which provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has held that, to avoid dismissal when responding to a Rule 12(b)(6) motion, Plaintiff must point to factual allegations in the complaint that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Plaintiff succeeds if there is "any set of facts consistent with the allegations in the complaint" that would entitle Plaintiff to relief. *Id.* at 563. When considering a Rule 12(b)(6) motion, the Court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Whether those allegations have merit "is a question that can be explored in discovery and, if necessary, at trial." *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).

To state a claim for copyright infringement, Plaintiff must establish two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff has alleged that it owns a valid and registered copyright in the *Criminal* film. *See, e.g.*, C16-1647-RAJ, Dkt. # 15 (Am. Compl.) ¶¶ 6-7; *id.*, Dkt. # 15-1 at 2-3 (Certificate of Registration). This "is considered prima facie evidence of the validity of the copyright." *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002); *see also* 17 U.S.C. § 410(c). Having alleged ownership and filed a certificate of registration, Plaintiff has established the first element.

The Court also finds that Plaintiff has adequately alleged that Winter and Evans copied elements of the copyrighted work. Plaintiff alleges that Comcast assigned a distinct IP address to Winter and to Evans. Case No. 16-1351-RAJ, Dkt. # 15 ¶ 25 (Winter); Case No. 16-1647-RAJ, Dkt. # 15 ¶ 18 (Evans). Plaintiff alleges that each of

ORDER – 2

these IP addresses "was observed infringing Plaintiff's motion picture" on a certain date and also for other periods of time. *Id.* Plaintiff alleges that the "physical make up and layout" of Winter's and Evans' residences and the security measures taken by Comcast make it unlikely that these IP addresses were hijacked by others. Case No. 16-1351-RAJ, Dkt. # 15 ¶¶ 14 (Winter); Case No. 16-1647-RAJ, Dkt. # 15 ¶¶ 14 (Evans). Plaintiff further alleges that the infringing activity was not an isolated incident and would have diminished the bandwidth of Winter's and Evans' Internet connections such that they would likely have been aware that it was occurring. Case No. 16-1351-RAJ, Dkt. # 15 ¶ 12 (Winter); Case No. 16-1647-RAJ, Dkt. # 15 ¶ 12 (Evans).

As noted, in deciding whether Plaintiff has stated a claim, the Court must assume that the allegations in the Amended Complaint are true. *Sanders*, 504 F.3d at 910. Construing the allegations in this manner, the fact that Winter's and Evans' IP addresses were observed copying *Criminal* support and the other allegations in Plaintiff's complaint support the plausible inference that Winter and Evans engaged in copyright infringement. *See QOTD Film Investment, LTD v. Does 1-14*, Case No. 16-371-RSL, Dkt. # 70 (W.D. Wash. October 11, 2016) (denying motion to dismiss where defendant's alleged affiliation with IP address and other allegations established plausible inference of copyright infringement). Accordingly, Plaintiff has alleged sufficient facts to substantiate the second element, and thus, has stated a claim for copyright infringement.

In reaching this conclusion, the Court has reviewed *LHF Prods., Inc. v. Doe 1*, No. C16-1273-RSM, 2017 WL 714227, at *1 (W.D. Wash. Feb. 23, 2017), a copy of which Winter submits in support of his motion. In *LHF Productions*, the Honorable Ricardo S. Martinez granted a motion to dismiss on the basis that, by itself, the occurrence of infringing activity by an IP address does not plausibly suggest that the assignee of that IP address committed the infringement. Judge Martinez reasoned that it is equally likely someone else with access to that IP address committed the infringement. *Id.* at *2. Here, Plaintiff alleges more than a mere affiliation with an IP address. Plaintiff's complaint

ORDER – 3

includes allegations about the attributes of Winter's and Evans' residences, ISP security protocol, bandwidth activity, and the non-isolated nature of the infringement. Coupled with the infringing activity connected to their IP address, these allegations support the plausible inference that, more probably than not, Winter and Evans were the infringers as opposed to others with access to their wireless network. As emphasized by the Honorable Robert S. Lasnik in a case involving similar allegations, "Plaintiff may be wrong—but it is not required to prove its allegations in order to adequately plead a claim of direct infringement under *Twombly*." *QOTD Film Investment, LTD*, Case No. 16-371-RSL, Dkt. # 70 at 4.

For the foregoing reasons, the Court **DENIES** Winter's Amended Motion for Dismissal of Adam Winter in Case No. C16-1351-RAJ (Dkt. # 55) and **DENIES** Evans' Motion for Dismissal of Jeremie Evans in Case No. C16-1647-RAJ (Dkt. # 18).

DATED this 29th day of June, 2017.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4